IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ROBERT W. BAER,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,[1]

    Defendant.

Case No. 11-CV-708-FHM

## OPINION AND ORDER

Plaintiff, Robert W. Baer, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's February 2, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held April 28, 2010. By decision dated July 28, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 6, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 46 on the date of the denial decision.  He has a General Equivalency Diploma and 15 hours of college credit.  He formerly worked as a security guard and a wiring harness assembler.  He claims to have been unable to work since December 2, 2007 as a result of pain due to degenerative disc disease of the lumbar spine, depression, and problems with memory and concentration.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to lift and carry ten pounds frequently and twenty pound occasionally, stand/walk for six hours of an eight hour day, sit for six hours of an eight hour day, and push/pull ten pounds frequently and twenty pounds occasionally.  He is able to occasionally balance, stoop, kneel, crouch, crawl, and climb and can never use ladders, ropes, or scaffolds.  [R. 11].

The ALJ determined that Plaintiff is capable of performing his past relevant work as a security guard and wiring harness assembler at the light level of exertion. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the decision should be reversed and the case remanded because the ALJ improperly rejected the uncontroverted medical evidence contained in the report of the consultative examiner, Dr. Gourd.

## Analysis

The ALJ accurately outlined Plaintiff's sparse medical treatment of his allegedly disabling back pain, which from September 2007 to April 2010 consisted of four visits to medical providers: September 9, 2007 (pain resulting from increased lifting on the job); April 8, 2008 (complaint of low back pain); March 7, 2009 (injury sustained lifting); and April 2010 (back pain exacerbation due to lifting and turning). On May 27, 2010, Dr. Gourd conducted a consultative examination and reported findings of decreased range of motion of the spine, positive muscle spasm, tenderness in the lumbar spine, strength 3/5 in the lower extremities, weak heel-toe walking, and a slow stiff gait. [R. 220-221]. Dr. Gourd completed an RFC form in which she opined that Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. [R. 222]. She indicated Plaintiff could sit 20 minutes at a time and could stand or walk 5 to 10 minutes at a time with a total of 3 hours of sitting in an 8 hour workday and one hour each of standing and walking. [R. 223].

Dr. Gourd also indicated Plaintiff had environmental restrictions and limited use of his feet for driving. [R. 223].

The ALJ stated she gave little weight to those aspects of Dr. Gourd's opinion that conflict with the RFC findings. The ALJ noted that Dr. Gourd did not identify any medical or clinical findings to support the environmental limitations and that the physical examination does not support such limitations. Dr. Gourd noted that Plaintiff is a smoker but his lungs were clear to auscultation with no wheezes, rhonchi, or rales. [R. 15, 220, 21]. The ALJ noted that Dr. Gourd's finding that Plaintiff was limited in the use of his feet for driving was inconsistent with her finding that Plaintiff moved all extremities well and had strength of 3/5. *Id*. The ALJ also noted that Dr. Gourd's limitation of occasional reaching was inconsistent with Plaintiff's testimony that reaching overhead did not bother him. *Id.* The ALJ stated that although Plaintiff displayed a slow stiff and stooped gait, on examination straight leg raising was negative, a neurological examination was normal and the x-rays do not support the degree of limitation found by Dr. Gourd. [R. 15].

Plaintiff argues the ALJ erred in rejecting Dr. Gourd's opinion, which Plaintiff asserts was uncontradicted medical evidence. Plaintiff cites *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) for the proposition that the ALJ cannot pick and choose through an uncontradicted medical opinion and accept only the parts that are favorable to a finding of non disability. That is not what the ALJ did in this case. As outlined above, the ALJ clearly explained the basis for her finding that portions of Dr. Gourd's medical opinion was not supported by the record as a whole. The reasons the ALJ gave are supported by the record. The court finds no error in the ALJ's rejection of part of Dr. Gourd's opinion as

being inconsistent with the findings in Dr. Gourd's one-time examination and inconsistent with other evidence in the medical record.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 28th day of February, 2013.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE